UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANTHONY WILLIAMS,

                   Plaintiff,                Case No. 1:10-cv-367

v.                                      Honorable Gordon J. Quist

BLAINE LAFLER et al.,

                                      **ORDER OF TRANSFER**

                   Defendants.

_____/

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff presently is incarcerated at the Michigan Reformatory. Plaintiff sues the following St.

Louis Correctional Facility (SLF) employees: Warden Blaine Lafler; Assistant Deputy Warden Mark

McCullick; Hearing Officer W. Groat; Hearing Investigator (unknown) Holland; and Corrections

Officers (unknown) Seifker, (unknown) Dell, (unknown) Irvin, and (unknown) Heibeck. In his *pro

se* complaint, Plaintiff alleges that he was involved in an altercation in February 2007, which

resulted in certain misconduct convictions that Plaintiff disputes. The events giving rise to

Plaintiff's action occurred at the St. Louis Correctional Facility, which is located in Gratiot County.

Gratiot County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C.

§ 102(a).

        Under the revised venue statute, venue in federal-question cases lies in the district

in which any defendant resides or in which a substantial part of the events or omissions giving rise

to the claim occurred. 28 U.S.C. § 1391(b). Defendants are public officials serving in Gratiot

County, and they "reside" in that county for purposes of venue over a suit challenging official acts.

*See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against these Defendants arose in Gratiot County, where Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is proper only in the Eastern District. Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.


Dated: April 28, 2010                          /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge