UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILLIAMS, #214930,

       Plaintiff,                             CIVIL ACTION NO. 10-11749

  v.                                      DISTRICT JUDGE GERALD E. ROSEN

BLAINE LAFLER, MARK              MAGISTRATE JUDGE MARK A. RANDON
McCULLICK, WAYNE GROAT,
BRENDA HOLLAND, JOHN
DELL, CORY IRVIN, NEAL
SEIFKER, and MARK HEIBECK

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (DKT. NO. 14)**

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. §1983. Plaintiff, Michael Anthony Williams, alleges that several staff members at the St. Louis Correctional Facility ("SLF'") in Michigan violated his rights under the First and Eighth Amendments to the United States Constitution. Before the court is the motion to dismiss and/or for summary judgment of defendants Blaine Lafler (Warden), Mark McCullick (Assistant Deputy Warden ("ADW")), Brenda Holland (Corrections Resident Representative) and John Dell, Cory Irvin, Neal Seifker and Mark Heibeck (Corrections Officers ("CO")) (collectively "Defendants"). (Dkt. No.14)[1] Defendants jointly seek dismissal on the sole ground that Plaintiff failed to exhaust his administrative remedies. The matter

---

[1] The only other defendant is Wayne Groat (Hearing Officer). To date, Groat remains unserved. A recommendation as to Plaintiff's claims against Groat is found at Section IID.

- 1 -

was referred to the undersigned for all pretrial matters and the instant motion has been fully briefed. For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED**.

## I.  FACTS

**A.     Plaintiff's complaint allegations**

Plaintiff's complaint makes the following allegations. (Dkt. No. 1)  On or about February 1, 2007, Plaintiff appeared for an administrative hearing at SLF, at which he faced major misconduct charges for (1) Disobeying a Direct Order and (2) Insolence.  Hearing Officer Groat found Plaintiff guilty of both charges, and Plaintiff responded, "you finding me guilty of something I didn't do." Plaintiff was then escorted out of the hearing room, still "in restraints."  While taking Plaintiff to another area to have the restraints removed, CO Seifker, stopped, looked at Plaintiff and began to yell that Plaintiff had assaulted him.  Plaintiff was then immediately taken to Housing Unit 7 (administrative segregation), pending a hearing on an additional major misconduct charge of assault and battery on a staff member.  Plaintiff was found guilty of this charge, after a hearing on February 8, 2007, and given 30 days detention.  (Dkt. No. 14, Ex. 1D)  Plaintiff claims that defendants Groat, Irvin and Heibeck made false statements that Plaintiff had assaulted Seifker. (Dkt. No. 1, Appendix-B, p. 2)  Plaintiff also alleges that Seifker subjected him to retaliation and threats.  In terms of relief, he seeks $150,000 in compensatory damages and $250,000 in punitive damages.

**B.     The Michigan Department of Corrections ("MDOC") grievance procedure**

MDOC Policy Directive 03.02.130 (effective December 19, 2003 through July 9, 2007) allows prisoners to file grievances, and articulates the proper procedures for doing so.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of a grievable issue.  (Dkt. No. 14, Ex. A, Policy Directive ("PD") 03.02.130 ¶ P).   If oral resolution is

unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. The policy dictates the following directions for completing grievance forms: "The issues shall be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).

If the inmate is dissatisfied with the prison's Step-I response, he may appeal to Step II within ten business days, or if he does not receive a timely response, within ten business days after the response was due. If the inmate is dissatisfied with the Step-II response, or does not receive a timely Step II response, he may appeal to Step III. The Step-III form must be completed within ten business days after receiving the Step-II response, or if no such response was received, within ten business days after the date it was due. The total grievance process from the filing of a Step I grievance to the provision of a response at Step III "shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II." *Id*. at ¶ S.

Plaintiff did not file a grievance related to the events alleged in his complaint. Plaintiff also made no attempt to seek administrative review of either of the determinations regarding the major misconduct charges by submitting a Request for Rehearing.

## II. ANALYSIS

**A.** **Standard of Review**

*1.* *Motion to dismiss*

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp. 1012, 1015-1016 (E.D. Mich. 1995).

*2.* *Summary judgment*

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by

showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party can make such a showing, then the burden shifts to the nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary. *Id.* at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. *Id.* at 251-52.

**B.     Prison Litigation Reform Act**

Under the Prisoner Litigation Reform Act ("PLRA"), a prison inmate cannot bring a civil rights action challenging prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court defines proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) quoting, *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* The Supreme Court also observed that "[t]he PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'afford corrections officials time

and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id*. at 93, quoting, *Porter v. Nussle,* 534 U.S. 516, 525 (2002). Exhaustion serves a dual purpose: it gives prisoners "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id*. at 94. Therefore, a prisoner who abandons the administrative process or does not complete all steps of the grievance procedure has failed to exhaust his administrative remedies. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

**C.    Plaintiff failed to exhaust his administrative remedies**

Although an unrelated grievance was attached to his complaint, Plaintiff concedes that he failed to exhaust his administrative remedies in this case. (Dkt. No. 18, p. 2)[2] Nevertheless, Plaintiff argues that his failure to exhaust should be excused "as futile" because "Defendants have accused and convicted. . . [him] of Assault and Battery on Staff unjustly . . . [and] retaliated against [him] over and over again by transferring, and ignoring various requests, kites, by not responding to them." *Id*. Plaintiff further appears to argue that, while in segregation, he wrote a letter to Warden Lafler, which went unanswered. *Id*. at p. 4. Plaintiff contends that his letter to the Warden "per se amounted" to a grievance as he could not "force" the corrections officers in charge of segregation to give him a grievance form. *Id*.

Futility does not excuse an inmate's failure to exhaust a prison's available administrative remedies. The plain language of 42 U.S.C. § 1997e(a) mandates exhaustion of administrative remedies. In *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001),

---

[2] The grievance attached to Plaintiff's complaint (ECF 2007042942 28B) on its face relates to an incident that occurred on March 29, 2007. (Dkt. No. 14-1E) The incident at issue in this case happened on February 1, 2007.

the Supreme Court held that the Court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *See also Cox v. Mayer*, 332 F.3d 422, 427 (6th Cir. 2003). Further, the Sixth Circuit has held that an inmate's allegation that he asked for but was not given a grievance form is insufficient to establish exhaustion. *See Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001); *see also Martin v. Johnson*, 72 Fed. Appx. 256 (6th Cir. July 7, 2003) (unpublished decision); *Anderson v. Meeks*, 79 Fed. Appxx 113 (6th Cir. Oct 23, 2003) (unpublished decision).

     Here, Plaintiff does not even claim that he specifically asked for and was denied a grievance form, or that there were no other means by which such a form could be obtained. Plaintiff, instead, implies that he attempted to file a grievance through his letter to the Warden; yet, the only correspondence between Plaintiff and Warden Lafler (that either side has provided) is a series of "memoranda" dated April 22, 2007, April 31, 2007[3] and May 7, 2007 – more than 70 days after the 5-7 day time line established for filing a Step I grievance in PD 03.02.130. (Dkt. No. 1, Appendices B, C, and D) Plaintiff's claim that he could not force "offices (sp)/agents of the Defendants running segregation" to make a grievance form available to him does not negate his obligation to first attempt to comply with the grievance procedure by *requesting* a grievance form. Plaintiff's subjective belief that a grievance form would not be provided is both insufficient to demonstrate that the grievance procedure was unavailable to him and inconsistent with his admission that he was permitted to send a letter to Warden Lafler while in administrative segregation. In sum, since Plaintiff made no attempt to utilize the prison's available grievance procedure, dismissal of his claims against the moving defendants, without prejudice, is the appropriate result.

---

[3] The month of April only has 30 days.

**D.     Defendant Groat should be dismissed without prejudice
unless Plaintiff provides an address**

To date, Groat has not been served despite efforts by the U.S. Marshal to effectuate service. Under Fed. R. Civ. P. 4(m), a defendant must be served within 120 days of filing the complaint. Groat has remained unserved for more than nine months (since April 19, 2010). Therefore, unless Plaintiff provides an address at which to serve Groat within the 14 day time period for filing an objection (described below) his claims against Groat should be dismissed without prejudice. This Report and Recommendation, therefore, serves as notice to Plaintiff under Rule 4(m)

### III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion (Dkt. No. 14) be **GRANTED**. It is **FURTHER RECOMMENDED** that unless Plaintiff provides an address for Defendant Groat within the time period to file an objection (described below), his entire lawsuit should be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                              s/Mark A. Randon
                              MARK A. RANDON
                              UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, January 31, 2011, by electronic and/or first class U.S. mail.*

                              *s/Melody R. Miles*
                              *Case Manager to Magistrate Judge Mark A. Randon*
                              *(313- 234-5542*

*Copies mailed to:*
    **Michael Williams, #214930**
    **Michigan Reformatory**
    **1342 West Main Street**
    **Ionia, MI 48846**